UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                    Chapter 7

Ime S. Equere,                                            Case Number 17-53917

      Debtor.                                            Hon. Mark A. Randon

_____/

## OPINION AND ORDER DENYING
## THE UNITED STATES TRUSTEE'S MOTION TO DISMISS

## I.    INTRODUCTION

Ime Equere is a Chapter 7 debtor whose obligations consist primarily of consumer debts.[1]  The United States Trustee ("the UST") investigated Debtor's financial affairs and considers his bankruptcy filing to be an abuse of Chapter 7.  The UST believes Debtor has the ability to pay at least a portion of his outstanding debt through a Chapter 13 plan, as evidenced by his overtime pay, income tax over-withholdings, repayment of his retirement loan, and his voluntary monthly retirement contributions.  The UST, therefore, moves to dismiss Debtor's case under section 707(b)(3)(B) of the Bankruptcy Code.

The Court heard argument on March 12, 2018.  Debtor provided the Court with an explanation of his financial affairs, and argued that the totality of the circumstances do not demonstrate abuse.  The Court agrees and **DENIES** the UST's motion to dismiss.

_____

[1]Under section 707(b)(1), dismissal for abuse of the provisions of Chapter 7 applies only to individuals whose debts are "primarily consumer debts."

1

## II.    BACKGROUND

Debtor is a 59-year-old Ford Motor Company employee–and single father of two daughters–who plans to retire in the next six years.  Debtor makes more than the state median income for his household size.  Despite his income, Debtor's schedules reflect an ongoing monthly financial deficit after deducting his expenses.[2]  This is attributable, in large part, to his payroll deductions–which include a $2,500.00 monthly domestic support obligation.[3]  Debtor says he relies on family and friends to make ends meet.  Seeking a fresh start, he filed Chapter 7 bankruptcy.

The UST argues that the totality of the circumstances demonstrate Debtor should not be in a Chapter 7: Debtor received a 2016 income-tax refund in the amount of $8,359.00, and he anticipates a 2017 refund of approximately $5,000.00; post-petition, Debtor has been working on a voluntary overtime project in Canada (but the extra pay was not included in his income calculation); and Debtor has historically made $559.06 voluntary monthly contributions to his employer's qualified 401(k) retirement plan, which continue post-petition–but should now be re-directed to pay his creditors.  Debtor's petition-date 401(k) account balance was $13,375.46.[4]  Debtor is also repaying a 401(k)

---

[2]Debtor's student loan payment is currently in deferment.  He will be required to begin making payments in May 2018.

[3]Debtor has accrued post-petition attorney fees in his attempt to lower the domestic support obligation.

[4]Debtor was divorced in 2014.  This balance reflects an approximately 50% reduction in his 401(k) account balance as a consequence of his divorce.

loan at the rate of $218.52 per month.

## III. ANALYSIS

Consumer debtors who have enough disposable income to repay a significant portion of their debts are generally not permitted to file Chapter 7. They are subject to a "means test." Below-median income debtors "pass" the test without further inquiry; above-median debtors must also complete a somewhat complicated mathematical formula (which takes into account their current monthly income and certain standard and actual expenses) to determine if the Chapter 7 filing is presumptively abusive or if they, too, "pass" the test. 11 U.S.C. § 707(b)(2).

If a debtor passes the means test, or rebuts the presumption of abuse, the Court must still dismiss a debtor's Chapter 7 case if the totality of the circumstances demonstrate abuse. 11 U.S.C. § 707(b)(3)(B). "When the UST moves to dismiss a case under § 707(b), it has the burden of proving abuse by a preponderance of the evidence." *In re Weixel*, 494 B.R. 895, 901 (B.A.P. 6th Cir. 2013).

The leading Sixth Circuit case for interpreting abuse under section 707(b)(3) is *In re Krohn*, 886 F.2d 123 (6th Cir. 1989). Although *Krohn* was decided before the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), courts have continued to apply its analysis. *See e.g., Moutousis v. United States Trustee (In re Moutousis)*, 418 B.R. 703, 708 (E.D. Mich. 2009); *In re Beckerman*, 381 B.R. 841, 844-45 (Bankr. E.D. Mich. 2008); *In re Arndt*, No. 17-30226, 2017 WL 5164141, at **3, 27

3

(Bankr. N.D. Ohio Nov. 6, 2017).

*Krohn* explained the test for abuse:

> [A] court should ascertain from the totality of the circumstances whether
> [debtor] is merely seeking an advantage over his creditors, or instead is
> "honest," in the sense that his relationship with his creditors has been
> marked by essentially honorable and undeceptive dealings, and whether he
> is "needy" in the sense that his financial predicament warrants the discharge
> of his debts in exchange for liquidation of his assets. *See 4 Collier [on
> Bankruptcy]* ¶ 707.07, at 707-20 [(15th ed. 1989)]. Substantial abuse can
> be predicated upon either lack of honesty or want of need.

*In re Krohn*, 886 F.2d at 126. "Among the factors to be considered in deciding whether a

debtor is needy is his ability to repay his debts out of future earnings. That factor alone

may be sufficient to warrant dismissal." *Id.* (internal citation omitted).

The UST's motion does not question the honesty of the Debtor, but focuses on his

ability to repay creditors and argues that–after an adjustment to his financial affairs–he

would have sufficient disposable income to make substantial payments toward his debts.

The UST's arguments can be distilled to three parts: (i) Debtor's income calculation

should include overtime; (ii) Debtor is over-withholding income taxes; and (iii) Debtor's

401(k) loan payments and voluntary contributions are not appropriate in the context of

Chapter 7. The UST believes that these funds should be used to pay creditors.

### A.  *Income Calculation*

4

"[T]here may be instances where income obtained through working overtime can and should appropriately be included in a debtor's projected and disposable income[.]" *Commercial Credit Corp. v. Killough (In re Killough)*, 900 F.2d 61, 66 (5th Cir. 1990). However, in *Killough*, the court declined to find abuse where the debtor did not include overtime income, because the potential for the debtor to work overtime in the future was "not definite enough." *Id.* at 65. In that case, the debtor had frequent opportunities to work overtime and availed herself of those opportunities, but because overtime "might not be available to [debtor] in the future[,]" it would be "unfair" to require the inclusion of overtime in the calculation of possible future earnings. *Id.* at 63.

Here, the UST argues that Debtor's Schedule I income is underreported and should include his overtime pay. Debtor responded that his opportunity for overtime is irregular. As of the petition date, only one paycheck from the preceding nine months reflected overtime. Debtor further indicated that his post-petition overtime work is voluntary and not certain to continue. The Court finds that Debtor's exclusion of overtime pay from his income calculation is not an abuse, given his recent earnings history and the nature of the overtime work.

### B. Tax Over-Withholding

"[B]ecause income tax refunds arise as the result of a taxpayer's overpayment of their tax liability or over-withholding from wages, tax refunds are a source of income for a debtor and are included in a determination of [d]ebtor's ability to pay unsecured

creditors." *In re Floyd*, 534 B.R. 729, 737 (Bankr. N.D. Ohio 2015); *see also In re Hutton*, 158 B.R. 648, 649 (Bankr. E.D. Ky. 1993) (monthly net pay was arguably more because of over withholding for income tax). Therefore, a debtor's right to receive a tax refund is property of the estate. *Segal v. Rochelle*, 382 U.S. 375, 379 (1966).

The UST argues that Debtor may be over-withholding income taxes, pointing to his large 2016 tax refund as evidence. Debtor concedes that over-withholding in the past was a possibility, but explained that he is expecting a substantially reduced tax refund for 2017. Specifically, Debtor will no longer be claiming at least one of his daughters as a dependent on his income tax return, and he must pay higher taxes for working in Canada this year. The UST has not demonstrated that Debtor's current tax withholdings are inappropriate or abusive.

### C.    *Retirement Contributions and Loan Repayment*

Before the 2005 enactment of BAPCPA, 401(k) contributions and repayment of 401(k) loans were both considered "disposable income." *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 435-36 (6th Cir. 2004) (holding that voluntary contributions to a 401(k) plan constituted "disposable income"); *Harshbarger v. Pees (In re Harshbarger)*, 66 F.3d 775, 777-78 (6th Cir. 1995) (holding that debtor's voluntary repayment of 401(k) loans should be treated as "disposable income").

BAPCPA added two sections that modified the treatment of 401(k) plans. The

6

first is section 1322(f), which states that "any amounts required to repay such [401(k)]

loan shall not constitute 'disposable income' under section 1325." 11 U.S.C. § 1322(f).

However, in our circuit, "post-petition income that becomes available to debtors after

their 401(k) loans are fully repaid is 'projected disposable income' that must be turned

over to the trustee for distribution to unsecured creditors[.]" *Seafort v. Burden (In re*

*Seafort)*, 669 F.3d 662, 663 (6th Cir. 2012).

The second BAPCPA provision regarding 401(k) treatment is found in section

541(b)(7), which provides in pertinent part:

> property of the estate does not include[] any amount[] withheld by an
> employer from the wages of employees for payment as contributions[] to[]
> an employee benefit plan that is subject to title I of the Employee
> Retirement Income Security Act of 1974 . . . except that such amount under
> this subparagraph shall not constitute disposable income as defined in
> section 1325(b)(2)[.]

11 U.S.C. § 541(b)(7)(A)(i)(I).

The issue before the *Seafort* court was limited to whether Chapter 13 debtors who

were repaying 401(k) loans could use the income available when the loans were repaid to

begin voluntary 401(k) contributions, rather than commit the funds to repay creditors.

The court, however, took the opportunity to address–in a footnote–whether continuing

pre-petition voluntary contributions to a 401(k) was proper post-petition.  In doing so, it

disagreed with the trustee's concession that a debtor's pre-petition contributions to a

401(k) would be excluded from disposable income if continued post-petition. *In re*

7

*Seafort*, 669 F.3d at 674 n.7.

It is unclear whether the footnote in *Seafort* is dicta that is not binding on the Court, or whether the *reasoning* cited in the opinion and approving *In re Prigge*, 441 B.R. 667 (Bankr. D. Mont. 2010), is binding authority which the Court must follow.[5] *Compare Humphrey's Ex'r v. United States*, 295 U.S. 602, 627 (1935) (dicta may be followed if sufficiently persuasive but is not controlling); *United States v. McMurray*, 653 F.3d 367, 375 (6th Cir. 2011) (holding that a statement is non-binding dicta when it is not necessary to the outcome of a case) *with Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 67 (1996) ("[w]hen an opinion issues for the Court, it is not only the result *but also those portions of the opinion necessary to that result* by which we are bound") (emphasis added).

Assuming the Court is bound by *Seafort*'s reasoning–and voluntary retirement contributions must be included in Debtor's disposable income–it is of no moment here.

_____

[5]The Sixth Circuit has distinguished between two types of dictum:

"*Obiter dictum*," "something said in passing" in Latin, is a judicial comment while delivering a judicial opinion, but one that is unnecessary to the decision before the court and therefore not precedential. "*Judicial dictum*," however, is an opinion by a court on a question that is directly involved, briefed, and argued by counsel, and even passed on by the court, but that is not essential to the decision.

*Metro. Hosp. v. United States HHS*, 712 F.3d 248, 274 (6th Cir. 2013) (McKeague, J., dissenting) (internal citations omitted).

8

Because Debtor's monthly deficit exceeds the amount of his retirement contributions, eliminating the contributions would not provide disposable income with which to pay unsecured creditors.[6]

It is clear, however, that under 11 U.S.C. § 1325(b)(2), Debtor's 401(k) retirement loan repayments are not disposable income. Therefore, the Court does not consider repayment of these loans to be an abuse of the provisions of Chapter 7 under section 707(b)(3).

## IV.    CONCLUSION

After considering the totality of the circumstances of Debtor's financial situation, the Court finds that there is no abuse of the provisions of Chapter 7. As such, the UST's motion to dismiss is **DENIED**.

**Signed on April 02, 2018**



/s/ Mark A. Randon

**Mark A. Randon**
**United States Bankruptcy Judge**

---

[6]Debtor's schedules indicate a monthly deficit of approximately $1,004.04; his monthly retirement contribution is $559.06. Therefore, excluding the contribution, Debtor still has a monthly deficit of $444.98.

9